## Isabella Bryan v. F. M. Webb.

1. HUSBAND AND WIFE—*Separate Property.*—A horse, bought by a husband and paid for out of the proceeds of a crop of wheat raised by him on the land of the wife, is the property of the husband and liable to be taken on execution for his debts.

**Memorandum.**—Replevin. In the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Judge, presiding. Trial by jury; verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1894, and affirmed. Opinion filed June 22, 1894.

HARBAUGH & WHITAKER, attorneys for appellant.

W. G. COCHRAN, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellee, sheriff of Moultrie county, by virtue of an execution against Robert Bryan, levied upon a horse as the property of the execution debtor. The appellant, who is the wife of Robert Bryan, claimed to be the owner of the horse, and brought replevin against the sheriff to recover it. She was defeated in the Circuit Court after a hearing before a jury, and by this appeal seeks to reverse that judgment. It is urged that the verdict is against the weight of the evidence. But two witnesses, the appellant and Robert, her husband, testified in her behalf, and in substance stated that

the husband, as agent for the wife, bought the horse of a Mr. Huff, and that payment therefor was made by the appellant or with money belonging to her.

Mr. Huff testified that he sold the horse to the husband; that appellant was not present, and that nothing was said about the purchase being for her; that the husband gave his note for the purchase price of the horse and that the appellant signed the note as surety for the husband.

It further appeared from the evidence that the note was paid out of proceeds of the sale of a crop of wheat grown by the husband on a farm owned by the wife, but cultivated and controlled by him; that the husband and wife lived upon the land and that he conducted the business of farming the land as an owner would, and without any agreement between himself and wife as to his compensation or the ownership of the products of land.

Manifestly the case presented was one for the determination of a jury. As to the instructions, counsel for appellant say "they are correct, so far as they have any application to the case," but complain that instruction No. 6 for appellee had no application to the issue. It advised the jury that the statute required a transfer of personal property, if made by a husband to his wife, to be evidenced by writing, if third parties were interested. It was abstractly correct, and was prepared, no doubt, in anticipation of testimony which might make it important that the jury should be advised in that respect. At least it did no harm. The judgment must be affirmed.